## FRIZZELL v. UNITED STATES.

(Court of Appeals of District of Columbia.
Submitted October 8, 1924. Decided
November 3, 1924.)

### No. 4044.

**1. Infants** ⬤⟲20 — **Informations charging defendant with contributing to delinquency of minor held defective.**

Informations charging that defendant contributed to the delinquency of named minor under 17 years of age, in that he persuaded him to commit "an indecent and immoral act," and that such minor had been convicted of disorderly conduct and incorrigibility, *held* insufficient, in that it failed to show that child was convicted of offense to which defendant contributed.

**2. Infants** ⬤⟲20—**Defendant, charged with contributing to delinquency of child, must have contributed to offense for which child has been convicted; "delinquent child."**

Under Juvenile Court Act, §§ 9, 24, defining "delinquent child" as one who has been convicted more than once of violation of law, and making one who contributes to the delinquency of such child guilty of a misdemeanor, the defendant must have contributed to or caused the minor to commit an offense of which he has been convicted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Delinquent Child.]

**3. Infants** ⬤⟲20—**Knowledge of child's character not essential element of offense of contributing to delinquency of minor.**

Accused's knowledge of child's character is not essential element of offense of contributing to delinquency of minor, under Juvenile Court Act, §§ 9, 24.

**4. Infants** ⬤⟲20—**Defendant may be guilty of contributing to delinquency of child by acts committed before date of child's first conviction.**

Under Juvenile Court Act, §§ 9, 24, defining delinquent child as one who has been twice convicted, and making it a misdemeanor to contribute to delinquency of such child, defendant may be guilty of contributing to delinquency of child by acts committed before the date of the child's first conviction.

**5. Infants** ⬤⟲20—**Statute making it a misdemeanor to contribute to delinquency of child not limited to persons standing in loco parentis to child.**

Juvenile Court Act, § 24, declaring persons contributing to delinquency of a child guilty of a misdemeanor, is not limited to persons standing in loco parentis, though such persons are included specifically.

**6. Criminal law** ⬤⟲576(2) — **Nineteen months delay in trial of case did not work dismissal of case, nor deprive court of jurisdiction, where defendant was in penitentiary.**

Delay of 19 months in bringing defendant to trial did not work a dismissal of the case nor deprive the juvenile court of jurisdiction over the defendant, where defendant, during the interim was serving a term in the penitentiary to which he had been sentenced by the Supreme Court of the District.

Error to Juvenile Court of District of Columbia.

Richard Frizzell, alias Raymond Frizzell, alias Henry Vernon Anderson, was convicted of contributing to the delinquency of certain minors, and he brings error. Reversed and remanded, with directions to dismiss informations.

A. R. Mullowny, of Washington, D. C., for plaintiff in error.

F. H. Stephens, L. B. Perkins, and Alex. H. Bell, Jr., all of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The plaintiff in error was made defendant in four informations filed in the juvenile court of the District of Columbia, charging him with contributing to the delinquency of certain minors under the age of 17 years, in violation of sections 9 and 24 of the Juvenile Court Act, 34 U. S. Stat. 73; D. C. Code, appendix, p. 387. The defendant filed demurrers and motions to quash to each of the informations, all of which were overruled by the court. The case was then heard, the defendant was adjudged guilty upon each information, and was sentenced upon each to three months in jail. This proceeding is brought to review that conviction.

The present record includes all of the four informations, but inasmuch as the same questions are involved in all of them we will refer to the first only for the purposes of this opinion. That information, omitting the formal allegations, charged that the defendant, "on or about the 15th day of November in the year of our Lord 1921, with force and arms, at the District aforesaid, and within the jurisdiction of this court, did then and there unlawfully contribute to the delinquency of Francis Fowler, a minor under the age of 17 years, in that the said [defendant] did then and there persuade, encourage, entice, and decoy the said Francis Fowler to commit a misdemeanor, to wit, the commission of an indecent and immoral act; the said Francis Fowler having theretofore been convicted more than once of having violated the laws of the United States, or the laws, ordinances and regulations in force in the District of Columbia, said convictions being in the juvenile court of the District of Columbia as follows: November 22, 1921, Dis. Conduct, Case No. 33830; November 22, 1921, Incor-

rigibility, Case No. 33838—against the form of the statute. * * * "

It will be noted that the foregoing Information was filed on November 30, 1921, and charges the defendant with having unlawfully contributed to the delinquency of a minor under the age of 17 years, and having persuaded and encouraged him on November 15, 1921, to commit a misdemeanor, to wit, the commission of an indecent and immoral act, and furthermore alleges that on November 22, 1921, the said minor was convicted of disorderly conduct, and on the same day of incorrigibility, in the juvenile court of the District.

[1] In our opinion the information aforesaid is defective, and the demurrer thereto should have been sustained. We here copy those portions of the Juvenile Court Act which apply to the present question, to wit:

"Sec. 9. * * * The term 'delinquent' child or children as used in this Act shall be held to mean and include any child who has been convicted more than once of violating any law of the United States, or any laws, ordinances, or regulations in force in the District of Columbia. * * *

"Sec. 24. That in all cases where any child shall be found to be a delinquent child, as defined in section nine of this Act, the parent or parents, legal guardian, or person having the custody of such child, or any other person responsible for or by any act encouraging, causing, or contributing to the delinquency of such child, shall be guilty of a misdemeanor. * * * "

[2] Under the foregoing provisions the term "delinquent child" designates a child who has actually been convicted of two or more violations of the laws of the United States, or of the laws, ordinances, or regulations in force in the District of Columbia. And correspondingly the clause, "person responsible for or by any act encouraging, causing, or contributing to the delinquency of such child," applies only to a person who encourages or causes a child to commit any of the misdemeanors, the conviction of which makes the child a delinquent. In other words the statute defines a delinquent child to be one who has been convicted more than once of violating the law, and provides a punishment for any person who contributes to that delinquency. The delinquency thus referred to must be one which makes the child a delinquent, to wit, one of the offenses of which the child is convicted. The acts of the accused in such case may

precede any conviction of the child, but they do not become punishable under the statute unless and until the child be twice convicted, nor unless the accused contributed to at least one of the offenses for which the child is convicted. It is manifest that under the act if a child should be guilty of many violations of the law but never be convicted of any of them, he would not become a "delinquent"; nor would a person who encouraged him to commit the offense in such case be guilty of contributing to the "delinquency of such child." And similarly if a child be convicted of one or more misdemeanors, and thereafter commits others of which he is never convicted, the latter could not be considered in passing upon the question of the child's delinquency, nor upon an information charging a defendant with contributing thereto.

These considerations effectually dispose of all of the informations now in question, for none of them contains an allegation that the child therein named was ever convicted of the offense to which the defendant is alleged to have contributed. In the first information it is charged that on November 22, 1921, the child therein named was convicted of two offenses, to wit, disorderly conduct and incorrigibility. But the information contains no statement which connects those convictions with the misdemeanor which the accused is said to have contributed to, to wit, an indecent and immoral act committed on November 15, 1921. It is stated in the brief of the government that the offenses were identical, but this statement can not serve to supply the omission of such an allegation in the information. It may be noted also that a bill of exceptions is included within the record, but no statement upon this subject appears therein. The informations consequently were defective, and the conviction of the defendant thereunder cannot be sustained.

[3-5] Certain other objections were presented by the defendant, upon which we may note an opinion. It was objected that the information failed to aver that the defendant, at the time of his alleged offense, knew that the child was a delinquent child. This objection was rightly overruled, for knowledge of the child's character by the accused is not an essential element of the offense, and, furthermore, a person may be guilty of contributing to the delinquency of a child by acts committed before the date of the child's first conviction. It was also objected that the informations failed to state

that the accused was a person responsible for or having the care and custody of the child in question. This objection rests upon the opening clause of section 24, supra, which, when defining the offense, provides that "the parent or parents, legal guardian, or person having the custody of such child, or any other person responsible for or by any act encouraging, causing or contributing to the delinquency of such child," shall be punished as therein stated; the contention of the defendant being that the statute relates only to parents, legal guardians, or persons having the custody of children or in a position of responsibility for them, whereas the defendant did not belong to that class of persons. In our opinion, however, this language was not intended by Congress to limit the application of the section to persons of any given class, but for the purpose of declaring specifically that persons standing in loco parentis to any child should be included within the provisions of the act. Any other interpretation would be inconsistent with the manifest purpose of the statute.

[6] Objection was made because of the fact that the prosecution was continued on call in the lower court for a period of about 19 months after the motion to quash and the demurrer were overruled, and that the defendant was then called before the court for judgment and sentence. It is said in the briefs that during this interim the defendant was serving a term in the penitentiary, to which he was sentenced by the Supreme Court of the District. We do not think that this delay under these circumstances worked a dismissal of the case, nor deprived the court of jurisdiction over the defendant. These objections were rightly overruled.

However, for the reasons above stated, we hold that each of the informations was insufficient to charge an offense under the act. The judgment of conviction is therefore reversed, and the cause is remanded, with directions to dismiss the informations.